**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Education Association, | No. CV-23-02325-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Education Association Staff Organization, | |
| Defendant. | |

This case centers around a disputed arbitration award. Defendant Arizona Education Association Staff Organization ("Defendant") has filed a Motion to Dismiss Plaintiff Arizona Education Association's ("Plaintiff") Complaint—but has not affirmatively moved to confirm the Arbitration Award.[1] (Doc. 8). The matter is fully briefed. (Docs. 9 & 11). The Court denies Defendant's Motion for the following reasons.[2]

**I.   Background**

This dispute stems from a written reprimand issued to Ms. Francis Stennis ("Ms. Stennis"), Defendant's staff employee, on November 30, 2022 ("the written reprimand"). (Doc. 1 at ¶ 11). Ms. Stennis and Plaintiff, her employer, entered into a

---

[1] Section 301(a) of the Labor Management Relations Act gives district courts jurisdiction to confirm or vacate a final and binding arbitration award pursuant to a collective bargaining agreement. *Tutor Perini Bldg. Corp. v. S. California Dist. Council of Laborers*, 373 F. Supp. 3d 1309, 1318 (C.D. Cal. 2019) (citing *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963)).

[2] Defendant requests oral argument, but the Court denies this request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

Collective Bargaining Agreement ("CBA") on March 1, 2021, which dictates grievance and arbitration procedures. (Doc. 1 at 11, 24–25). The CBA provides for a progressive disciplinary process as follows: "employees who engage in improper conduct or behavior will be disciplined in accordance with just cause, due process and a progressive disciplinary process." (Doc. 1 at 22). This progressive disciplinary process is laid out in a two-step process:

> (1) the employee shall be reprimanded orally within ten (10) days of the incident. Oral reprimands shall not be placed within the personnel file.
>
> (2) The employee shall be given a written reprimand if the improper conduct or behavior persists. A copy of the reprimand, signed by the employee, shall be placed in the personnel file according to Article VI, Section B.

(*Id.*)

Ms. Stennis was issued an oral reprimand on October 7, 2022, for failing to fully participate in a staff meeting. (Doc. 1 at 77). She was issued a written reprimand on November 30, 2023, for "unprofessional and improper conduct." (*Id.* at ¶ 11; 57). Ms. Stennis met with colleagues about a conversation she had with a new employee, and during this meeting, she referred to this employee as a "little Hispanic girl." (*Id.* at 57). The written reprimand states that this is step two of the discipline process and that the first step was the oral reprimand. (*Id.*)

On January 14, 2023, Defendant filed a grievance on behalf of Ms. Stennis and sought to have the written reprimand rescinded. (*Id.* at 68). Plaintiff refused to rescind this written reprimand and as dictated by the CBA, the parties went to arbitration. (*Id.* at ¶¶ 23–25). The Arbitrator held a hearing and issued a written decision, sustaining the grievance but reducing it to an oral reprimand. (*Id.* at 81). The Arbitrator reached this decision after finding that (1) Ms. Stennis behavior at the staff meeting did not justify discipline for misconduct and (2) there was not a sufficient nexus between Ms. Stennis actions regarding the two reprimands. (*Id.* at 80). The Arbitrator also stated that there must be "some commonality" between the Step 1 and Step 2 disciplinary actions. (*Id.*)

Plaintiff brought this suit to vacate and set aside the Arbitrator's Award because it

alleges that this award exceeded his authority under the CBA. (*Id*. at ¶¶ 37–38). Plaintiff specifically alleges that the Award "fails to draw its essence from the Parties' CBA and exceeds the bounds of [the Arbitrator's] authority under the CBA" by (a) ruling on a discipline that was not properly before him; (b) adding a "commonality" requirement to the CBA which is not expressed in its terms; and (c) considering arguments and evidence not presented by Defendant during the grievance process. (*Id*.) Now, Defendant has filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Procedure 12(b)(6). (Doc. 8).

**II.     Legal Standard**

     **A.     Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), requires that this Court evaluate the legal sufficiency of Plaintiff's claims. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The test requires that the plaintiff present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" with "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most

favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

The court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. A document is considered incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.*

**B.    Arbitration Awards**

A district court's review of an arbitration award is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009); *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc). Arbitration awards are entitled to great deference "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, [and] it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987).

In the context of labor arbitration awards, judicial review is "extremely deferential because courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1180 (9th Cir. 2001). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484

U.S. 29, 38 (1987). Additionally, "the parties hav[e] authorized the arbitrator to give meaning to the language of the agreement, [so] a court should not reject an award on the ground that the arbitrator misread the contract." *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc*., 823 F.3d 524, 530 (9th Cir. 2016) (citing *id*.)

The Court does not determine "whether the arbitrator's interpretation of the agreement was 'plausible,' in the sense of one a court might render, but instead whether he made any interpretation or application of the agreement at all. If so, the court's inquiry ends." *Id.* at 531–32. In other words, the Court's "task is to determine whether the arbitrator interpreted the collective bargaining agreement, not whether he did so correctly." *Haw. Teamsters*, 241 F.3d at 1178.

> There are four exceptions to this deferential standard applied in labor cases:
>
> (1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud.

*Drywall Dynamics, Inc*., 823 F.3d at 530 (citing *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792–93 (9th Cir. 2001)). "The burden of establishing grounds for vacating [or confirming] an arbitration award is on the party seeking it." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

### III. Discussion

Defendant argues that the Court should dismiss Plaintiff's Complaint as it only offers legal conclusions and formulaic recitation of the elements to vacate an arbitration award, so, Plaintiff has failed to state a claim for relief. (Doc. 8 at 11). Defendant specifically argues that the Arbitrator did not add to or modify the CBA, did not exceed the scope of his authority and that the hearing was fair—contrary to Plaintiff's claims in its Complaint. (*Id.* at 11–14). Plaintiff argues in response that it has sufficiently alleged a claim to vacate or set aside the Award because the Award falls within the first two exceptions to the deferential standard: (1) that the Award does not draw its essence from

the CBA and (2) that the Arbitrator exceeded the boundaries of the issues submitted to him. (Doc. 9 at 8). The Court will address each alleged exception in turn to determine whether Plaintiff has stated a claim for relief.

### A. Plaintiff's Claim that the Award Draws its Essence from the CBA

Defendant argues that Plaintiff has failed to allege that the Arbitrator's Award does not draw its essence from the CBA. (Doc. 8 at 17–18). Plaintiff argues that the Award does not draw its essence from the CBA because the Arbitrator added a "commonality" requirement "in express violation of the terms of the CBA." (Doc. 9 at 9).

An arbitrator's award "draws its essence from the contract" if the arbitrator is "even arguably construing or applying the contract." *Eastern Associated Coal Corp. v. United Mine Workers of Am., Dist*. 17, 531 U.S. 57, 62 (2000). The Court may declare an arbitrator's decision unenforceable "only when the arbitrator strays from interpreting and applying the collective bargaining agreement and effectively "dispense[s] his own brand of industrial justice." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal citation and quotation marks omitted). An arbitrator may "look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice" but to declare the award unenforceable. *Enter. Wheel & Car Corp*., 363 U.S. at 597. The critical inquiry is: did the arbitrator make "any interpretation or application of the agreement at all? If so, the court's inquiry ends." *Drywall Dynamics*, 823 F.3d at 532.

In its Complaint, Plaintiff essentially alleges that the Arbitrator has "stray[ed] from interpreting and applying the collective bargaining agreement and [has] effectively dispensed his own brand of industrial justice." *Major League Baseball Players Ass'n*, 532 U.S. at 509. Plaintiff reasons that "[b]y adding a 'commonality' requirement to the CBA, [the Arbitrator] altered, amended, added to the terms of the CBA in express violation of the terms of the CBA." (Doc. 1 at ¶ 37(b)). From this, the Court concludes that Plaintiff has sufficiently alleged a claim to relief that is plausible on its face that the Arbitrator's

Award does not draw its essence from the CBA—especially since Defendant has only moved to dismiss the Complaint and not to confirm the Award under Section 301(a). *Twombly*, 550 U.S. at 570.

### B. Whether the Award Exceeded the Boundaries of the Issues Submitted to the Arbitrator

Defendant also argues that Plaintiff has failed to sufficiently allege that the Award exceeded the boundaries of the issues submitted to the Arbitrator. (Doc. 8 at 11). Plaintiff alleged in its Complaint that "[b]y ruling on a discipline that was not properly before him and could not be before him by terms of the CBA" the Arbitrator "violated the terms of the CBA, which limits the issues that the Parties may raise at arbitration." (*Id*. at ¶ 37(a)). It has also alleged that "[b]y considering arguments and evidence not presented by [Defendant] during the grievance process at the Arbitration, [the Arbitrator] deprived [Plaintiff] of due process required under the CBA and the law." (*Id*. at ¶ 37(b)). Plaintiff argues that, from these allegations, it has sufficiently alleged a claim to vacate or set aside the Arbitrator's Award within this exception to the deferential standard. (Doc. 9 at 10–11). The Court agrees.

"Once a matter is submitted to arbitration, 'procedural questions which grow out of the dispute and bear on its final disposition' are presumptively not for the judge, but for an arbitrator, to decide." *Drywall Dynamics*, 823 F.3d at 531 (citing *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002)). "The scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within the submission agreement." *Schoenduve Corp. v. Lucent Technologies*, 442 F.3d 727, 733 (9th Cir. 2006). An arbitrator's interpretation of the scope of the issues submitted is entitled to great deference. *See Pack Concrete Inc. v. Cunningham*, 866 F.2d 283, 285 (9th Cir. 1989) ("We now hold that an arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded [to] his interpretation of the collective bargaining agreement."). "An arbitrator does not exceed his authority if, in addressing an issue submitted before him, he looks at and construes the collective

bargaining agreement." *Eagle Sys. & Servs., Inc. v. Int'l Ass'n of Machinists*, 2016 WL 7324753, at *7 (E.D. Cal. Dec. 16, 2016) (citing *id*.)

Here, the issues stipulated to by the parties before the arbitration hearing were: "[w]as there just cause to issue the written reprimand to [Ms.] Stennis? If not, what is the appropriate remedy?" (Doc. 1 at 77). The Arbitrator noted that the CBA "is explicit with regard to progressive discipline" and that a written reprimand can only be issued if "two conditions are met." (*Id*. at 80). These conditions are: (1) a "proper" prior oral reprimand, and (2) "some commonality" or a "nexus" between the behavior supporting an oral reprimand and the behavior alleged in the written reprimand. (*Id*.)

While the Arbitrator's interpretation of the scope of the issues submitted is entitled to great deference, *Cunningham*, 866 F.2d at 285, Plaintiff sufficiently alleges that the Arbitrator has dispensed his own brand of industrial justice "[b]y ruling on a discipline that was not properly before him" (Doc. 1 at ¶ 37(a)). *See Major League Baseball Players Ass'n*, 532 U.S. at 509. Plaintiff alleged that the merits of the oral reprimand were not before the Arbitrator because Defendant failed to timely pursue its grievance of the oral reprimand to arbitration, as required by the CBA. (*Id*. at ¶ 35(a)). These allegations, taken as true, state a claim that the Award exceeded the boundaries of the issues submitted to the Arbitrator that is plausible on its face. *Iqbal*, 556 U.S. at 678.

### IV. Conclusion

Based on the reasons stated above, the Court finds that Plaintiff has sufficiently alleged a claim to vacate or set aside the Arbitrator's Award. Plaintiff has sufficiently stated claims under two of the *Drywall Dynamics* exceptions to the deferential standard applied in labor cases, namely: (1) that the Award does not draw its essence from the CBA; and (2) the Arbitrator exceeded the boundaries of the issues submitted to him. 823 F.3d at 530. These allegations are sufficient to overcome Defendant's Motion to Dismiss for failure to state a claim. Accordingly, Defendant's Motion will be denied.

/ / /

/ / /

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **DENIED.** A Scheduling Conference will be set by separate Order.

Dated this 10th day of September, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge